UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                                CRIMINAL ACTION

VERSUS                                                                              NO. 12-162

CLAUDE MEDEARIS                                                              SECTION I

ORDER AND REASONS

On April 12, 2012, defendant, Claude Medearis, was charged in count one of a two-count indictment with possession with the intent to distribute twenty-eight grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).[1] On September 27, 2012, Medearis pleaded guilty to count one of the indictment.[2] On January 10, 2013, the Court sentenced Medearis to a term of imprisonment of eighty-four months, to be followed by a term of supervised release of ten years.[3]

The Court has now received a *pro se* motion[4] to correct the judgment. Medearis contends that the Court sentenced him to a term of supervised release greater than the statutory maximum and that his judgment should be corrected.[5] As a threshold matter, the Court notes that Medearis cites Rule 36 of the Federal Rules of Criminal Procedure which addresses clerical errors. However, Rule 36 is an improper procedural vehicle for obtaining the relief requested by defendant. *See, e.g.*, *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (explaining that Rule 36 authorizes a

---

[1]R. Doc. No. 1, at 1.
[2]R. Doc. No. 39.
[3]R. Doc. No. 63, at 1-2. Medearis's term of imprisonment was subsequently reduced to seventy-eight months pursuant to 18 U.S.C. § 3582. R. Doc. No. 79.
[4]R. Doc. No. 82.
[5]R. Doc. No. 82, at 1-2.

1

court "to correct only clerical errors, which exist when the court intended one thing but by merely clerical mistake or oversight did another") (internal quotation marks omitted); *see also United States v. Salazar*, 591 F. App'x 302, 303 ("Because the purported errors identified by Salazar are not clerical errors, but involve legal and factual challenges to his sentence, he has not shown that he was entitled to relief under Rule 36."). Nonetheless, the Court will reach the substance of the motion which is without merit.

Section 841(b)(1)(B) states that "[n]otwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of *at least* 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of *at least* 8 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(B) (emphasis added). Section 841(b)(1)(B) sets no upper limit on the term of supervised release and therefore authorizes a maximum lifetime term of supervised release. *See United States v. Jackson*, 559 F.3d 368, 370-71 (5th Cir. 2009). Furthermore, the statute expressly trumps the terms of supervised release authorized by 18 U.S.C. § 3583(b). *See id.*; *see also* 18 U.S.C. § 841(b)(1)(B) ("Notwithstanding section 3583 of Title 18 . . . .").

The Court sentenced Medearis to a term of supervised release of ten years which is within the range authorized by § 841(b)(1)(B). The case which Medearis cites is not apposite because it did not involve a term of supervised release imposed for a violation of § 841. *See Bevly v. United States*, No. 09-1081, 2009 WL 3861693, at *1-2 (W.D. La. Nov. 17, 2009) (noting that the court had previously reduced the defendant's excessive term of supervised release imposed as part of a sentence for bank robbery and attempted bank robbery). Accordingly, Medearis was not sentenced to a term of supervised release in excess of the statutory maximum and there is no error in his

judgment to correct.

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, May 29, 2015.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**